PROVIDED TO
SUMTER CORRECTIONAL INSTITUTION
DATE _7/30/26_
OFFICER INITIALS _____

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Civil Case Number:

FILED BY_____D.C.

APR 03 2026

ANGELA E. NOBLE
CLERK U.S. DIST. CT.
S. D. OF FLA. - MIAMI

RAYMOND SORIA,

    *Plaintiff,*

v.

LONN WEISSBLUM,
In his official capacity only as
Clerk of the Fourth District
Court of Appeal,

    *Defendant.*

_____/

# COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF
## (42 U.S.C. § 1983)

## I. JURISDICTION

1. This action arises under the Constitution and laws of the United States, including the Fourteenth Amendment and 42 U.S.C. § 1983.

2. Jurisdiction is proper under 28 U.S.C. § § 1331 and 1343.

3. Plaintiff seeks prospective declaratory and injunctive relief against an ongoing violation of Federal constitutional rights.

1

## II. **PARTIES**

4.     Plaintiff: Raymond Soria is a Florida prisoner currently confined at Sumter Correctional Institution, 9544 County Road 476-B, Bushnell, Florida 33513. Inmate Prison No.: # 779305. Year of Birth: 1965. This is Plaintiff's First pro se § 1983 civil complaint.  Plaintiff did file a 2254 Habeas Corpus in 2012, case number 2012-CV-81197-DMM.

5.     Defendant: Lonn Weissblum is the Clerk of the Florida Fourth District Court of Appeal and is sued in his official capacity  only.  As Clerk, Defendant is responsible for implementing court orders and accepting or rejecting filings submitted to the court.

## III. **FACTUAL ALLEGATIONS**

6.     In October 2025, the Fourth District Court of Appeal imposed Sanctions against Plaintiff pursuant to *State v. Spencer.*

7.     The order states:

"Having considered appellant response, we determine that sanctions are appropriate we now impose sanctions."

8.     The sanction is permanent and contains no mechanism allowing Plaintiff to request leave to file non-frivolous pleadings.

9.     Plaintiff previously filed a Florida Rule of Criminal Procedure 3.800(a)

2

motion alleging that his sentence was unconstitutionally increased beyond the jury's verdict and exceeded the statutory maximum.

10. The Fourth District Court of Appeal affirmed the denial of the motion and imposed the sanction.

11. To clarify the scope of the sanction, Plaintiff sent a written inquiry to the Clerk of The Fourth District Court of Appeal.

12. The Clerk responded:

"Per this court's order, the sanction is no longer accepting [your] pro se filings".

13. The Clerk's written confirmation establishes that any pro se filing submitted by plaintiff will be rejected, rendering further attempts futile.

14. The sanction order does not contain specific written findings explaining why Plaintiff's current Rule 3.800(a) claim was frivolous or abusive. Nor does it address whether Plaintiff's prior filings were adjudicated on the merits. Despite Plaintiff raising these issues in response to the court's show cause order, the court imposed the sanction without individualized findings supporting a categorical filing ban.

15. Because the Clerk enforces the sanction by refusing to accept filings, Plaintiff is categorically barred from submitting any pro se pleadings regardless of merits.

3

16. The sanction therefore prevents Plaintiff from accessing the court to present non-frivolous claims.

17. Plaintiff does not seek review or reversal of the state court judgment, but instead challenges the ongoing enforcement of a categorical filing restriction that violates the Constitution.

## IV. COUNT 1

Denial of Access to Courts

(Fourteenth Amendment)

18. Plaintiff incorporates the preceding allegations 1-17.

19. The Constitution guarantees prisoners meaningful access to the courts.

20. The sanction lacks any provision allowing Plaintiff to seek leave of court to file non-frivolous pleadings, effectively foreclosing all access rather than regulating abusive filings.

21. The Clerks enforcement of the sanction prevents Plaintiff from presenting claims to the court.

22. This enforcement constitutes an ongoing violation of Plaintiff's constitutional right of access to the courts.

## V. COUNT II

Denial of Procedural Due Process

(Fourteenth Amendment)

23.     Plaintiff incorporates the preceding allegations 1-22.

24.     Once a state establishes procedural safeguards governing filing restrictions under Spencer, those safeguards must be followed consistently with due process.

25      The sanction imposed against Plaintiff categorically bars all pro se filings without providing any process for review of future non-frivolous claims.

26.     The continued enforcement of this restriction deprives Plaintiff of liberty without constitutionally adequate process.

27.     While courts may impose filing restrictions on abusive litigants, a categorical and permanent ban without written findings or a mechanism to submit non-frivolous claim violates due process.

## VI. **RELIEF REQUESTED**

Plaintiff respectfully request that this Court:

A.     Declare that the categorical enforcement of the filing sanction violates the Fourteenth Amendment.

B.     Issue an injunction prohibiting Defendant from enforcing the categorical ban on Plaintiff pro se filings.

C.     Order that Plaintiff be permitted to submit pro se filings subject to normal judicial review.

D.     Grant such further relief as the Court deems just and proper. Plaintiff does not seek monetary damages.

Respectfully, Submitted

/s/ Raymond Soria

Raymond Soria, #779305, pro se

I declare under penalty of perjury that the foregoing is true and correct.

Executed on: 3-30-26

/s/ Raymond Soria

Raymond Soria, #779305, pro se
Sumter Correctional Institution
9544 County Road 476-B
Bushnell, Florida 33513

6

Raymond Smith #779305
Sumter Correctional Institution
9544 County Road 476-B
Bushnell, Florida  33513

Mailed From Sumter
Correctional
Institution

US POSTAGE PITNEY BOWES

ZIP 33513
02 7H
0006197852     MAR 30 2026

$ 002.44⁰

Mailed From Sumter Correctional Institution
FLORIDA DEPARTMENT OF CORRECTIONS



REC'D BY
APR 03 2026
ANGELA E NOBLE
CLERK U.S. DIST CT.
S.D. OF FLA. MIAMI
D.C.

Legal
Mail

Mailed From Sumter Correctional Institution
FLORIDA DEPARTMENT OF CORRECTIONS

Clerk's Office
United States District Court
Southern District of Florida
400 North Miami Avenue, 8N09
Miami, Florida  33128-7716

PROVIDED TO
SUMTER CORRECTIONAL INSTITUTION
DATE 3/13/25
OFFICER INITIALS G.S