**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

**CASE NO. 26-cv-80376-ALTMAN**

**RAYMOND SORIA**,

       *Plaintiff*,

v.

**LONN WEISSBLUM**, Clerk of Court,
Fourth District Court of Appeal,

       *Defendant*.

_____/

## ORDER

The Plaintiff, Raymond Soria, has filed a civil-rights complaint under 42 U.S.C. § 1983, claiming that the Clerk of Court for Florida's Fourth District Court of Appeal ("DCA") violated his rights to access the courts and to procedural due process. *See* Complaint ("Compl.") [ECF No. 1]. As redress, he asks us to order the Defendant to accept his *pro se* filings despite an order from the Fourth DCA that prohibits Soria from submitting (and the Defendant from accepting) those filings. *Id.* at 6. After screening Soria's Complaint, we find that it violates the Federal Rules of Civil Procedure because it's a shotgun pleading and because it's deficient in several other ways. We therefore **DISMISS** the Complaint *without prejudice* and **GRANT** Soria leave to file an amended complaint.

## THE LAW

The Court "*shall* review . . . a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity." 28 U.S.C. § 1915A (emphasis added). The definition of a "prisoner" includes "any person incarcerated or detained in any facility who is . . . accused of [or] convicted of . . . violations of criminal law." §1915A(c). In conducting its screening of a prisoner's complaint, the Court must "dismiss the complaint, or any portion of the

complaint," when it is: (1) "frivolous, malicious, or fails to state a claim upon which relief may be granted"; or (2) "seeks monetary relief from a defendant who is immune from such relief." § 1915A(b).

The Federal Rules of Civil Procedure require, in relevant part, that a well-pled complaint contain "a short and plain statement of the claim showing that the pleader is entitled to relief." FED. R. CIV. P. 8(a)(2). "Every pleading . . . must be signed by at least one attorney of record in the attorney's name—or by a party personally if the party is unrepresented." FED. R. CIV. P. 11(a). In this Court, a civil-rights complaint submitted by a *pro se* prisoner "must be signed under penalty of perjury." S.D. FLA. L.R. 88.2; *see also* FED. R. CIV. P. 11(a) ("*Unless a rule or statute specifically states otherwise*, a pleading need not be verified or accompanied by an affidavit." (emphasis added)). Additionally, "complaints must substantially follow the form, if any, prescribed by the Court." S.D. FLA. L.R. 88.2(a).

To state a claim upon which relief may be granted, a complaint's factual allegations "must be enough to raise a right to relief above the speculative level"—with "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555, 570 (2007). Under this standard, legal conclusions "are not entitled to the assumption of truth" and are insufficient to state a claim. *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009). Moreover, "[w]here a complaint pleads facts that are merely consistent with a defendant's liability, it stops short of the line between possibility and plausibility of entitlement to relief." *Id.* at 678 (internal quotation marks omitted).

Courts may dismiss a plaintiff's complaint for failure to comply with the Federal Rules, the Local Rules, or court orders. *See, e.g.*, *Equity Lifestyle Props., Inc. v. Fla. Mowing & Landscape Serv., Inc.*, 556 F. 3d 1232, 1240 (11th Cir. 2009) ("The court may dismiss a claim if the plaintiff fails to prosecute it or comply with a court order."); *Moon v. Newsome*, 863 F. 2d 835, 837 (11th Cir. 1989) ("While dismissal is an extraordinary remedy, dismissal upon disregard of an order, especially where the litigant has been forewarned, generally is not an abuse of discretion."). And *pro se* litigants are not exempt from procedural rules. *See Loren v. Sasser*, 309 F. 3d 1296, 1304 (11th Cir. 2002) ("Despite construction

2

leniency afforded *pro se* litigants, we nevertheless have required them to conform to procedural rules.”); *see also Heard v. Nix*, 170 F. App’x 618, 619 (11th Cir. 2006) (“Although *pro se* complaints must be liberally construed, such complaints still must comply with the procedural rules governing the proper form of pleadings.” (cleaned up)); S.D. FLA. L.R. 1.1 (“When used in these Local Rules, the word ‘counsel’ shall be construed to apply to a party if that party is proceeding pro se.”). The Court may not assist a *pro se* plaintiff in constructing a “theory of liability from facts never alleged, alluded to, or mentioned” in the complaint. *Fils v. City of Aventura*, 647 F. 3d 1272, 1285 (11th Cir. 2011). Instead, “to prevail on a particular theory of liability, a party must present that argument to the district court.” *Id.* at 1284; *see also GJR Invs., Inc. v. Cnty. of Escambia, Fla.*, 132 F. 3d 1359, 1369 (11th Cir. 1998) (“Yet even in the case of *pro se* litigants this leniency does not give a court license to serve as *de facto* counsel for a party.”), *overruled on other grounds by Ashcroft v. Iqbal*, 556 U.S. 662 (2009).

## ANALYSIS

Soria’s Complaint is defective in five ways. *First*, his Complaint is a shotgun pleading that doesn’t comply with the Federal Rules of Civil Procedure. *Second*, the injunctive relief he asks for would require us to overrule a state appellate court—something we obviously cannot do. *Third*, he asks for declaratory relief, but he doesn’t tell us why the state remedies that are available to him are inadequate. *Fourth*, he doesn’t allege that he’s suffered any actual injury. *Fifth*, he doesn’t tell us why he believes he’s due more process than he’s already received. We’ll address each deficiency in turn.

### I.     Shotgun Pleading

For starters, Soria’s Complaint is an impermissible shotgun pleading. Rule 8(a)(2) of the Federal Rules of Civil Procedure requires that a complaint contain “a short and plain statement of the claim showing that the pleader is entitled to relief.” FED. R. CIV. P. 8(a)(2). A complaint must also “state its claims . . . in numbered paragraphs, each limited as far as practicable to a single set of circumstances.” *Id.* 10(b). “Complaints that violate either Rule 8(a)(2) or Rule 10(b), or both, are often

3

disparagingly referred to as 'shotgun pleadings.'" *Weiland v. Palm Beach Cnty. Sheriff's Off.*, 792 F. 3d 1313, 1320 (11th Cir. 2015).

Shotgun pleadings fall into one or more of four categories. In the words of the Eleventh Circuit, a complaint is a shotgun pleading if it:

> (1) contains multiple counts where each count adopts the allegations of all preceding counts; (2) is replete with conclusory, vague, and immaterial facts not obviously connected to any particular cause of action; (3) fails to separate into a different count each cause of action; or (4) asserts multiple claims against multiple defendants without specifying which defendant is responsible for which act.

*Embree v. Wyndham Worldwide Corp.*, 779 F. App'x 658, 662 (11th Cir. 2019) (citing *Weiland*, 792 F. 3d at 1322–23). "The unifying characteristic of all types of shotgun pleadings is that they fail to one degree or another, and in one way or another, to give the defendants adequate notice of the claims against them and the grounds upon which each claim rests." *Weiland*, 792 F. 3d at 1323.

Soria's Complaint falls into the first—and most common—type of shotgun pleading because Count 2 "adopts the allegations of [the] preceding count[.]" Compl. at 5; *see also Weiland*, 792 F. 3d at 1322–23. Soria's procedural-due-process claim thus incorporates all the allegations of his access-to-courts claim—which he may not do.

## II.     Injunctive and Declaratory Relief

Soria seeks injunctive and declaratory relief against Lonn Weissblum, in his official capacity as Clerk of Court for the Fourth DCA. He alleges that Weissblum's enforcement of the filing ban "constitutes an ongoing violation of [his] constitutional right of access to the courts" and "deprives [him] of liberty without constitutionally adequate process." Compl. at 4–5.

Several problems here. For starters, clerks of court may be entitled to quasi-judicial immunity from claims for injunctive relief. *See Sanchez v. Moody*, 2026 WL 959295, at *4 (S.D. Fla. Apr. 9, 2026) (Ruiz, J.) ("[T]he law is unclear whether the Clerk of Court is entitled to quasi-judicial immunity from Plaintiff's claim for injunctive relief."); *but see Tallahassee Bail Fund v. Marshall*, 2022 WL 22804294, at

4

*3 n.4 (N.D. Fla. Oct. 11, 2022) (Walker, C.J.) (finding that quasi-judicial officials don't share the same immunity from injunctive relief that's afforded to "judicial officers").

That issue aside, though, we cannot give Soria the relief he's seeking. He wants "an injunction prohibiting Defendant from enforcing the categorical ban on Plaintiff['s] *pro se* filings" and an "[o]rder that Plaintiff be permitted to submit *pro se* filings subject to normal judicial review." Compl. at 6. In asking for this relief, Soria insists that he doesn't "seek review or reversal of the state court judgment." *Id.* at 4. And he's right to be wary. Under basic principles of comity and federalism, federal courts cannot "police the state courts or interfere with their ability to regulate their judicial system." *Sanchez*, 2026 WL 959295, at *4 (quoting *Macleod v. Scott*, 2015 WL 4523185, at *5 (M.D. Fla. July 9, 2015) (Howard, J.)). But, while Soria *claims* not to want a review of the Fourth DCA's filing ban, he requests a ruling that would render the Fourth DCA's order unenforceable. Specifically, he asks us to "declare" that the "filing sanction violates the Fourteenth Amendment" and requests that we "[i]ssue an injunction prohibiting [Weissblum] from enforcing the categorical ban on Plaintiff['s] pro se filings." Compl. at 6. That, however, obviously requires us to overturn the Fourth DCA's decision—something we may not do. *See Pompey v. Broward Cnty.*, 95 F. 3d 1543, 1550 (11th Cir. 1996) ("Federal 'inferior courts' have no more business issuing supervisory injunctions to safeguard federal constitutional rights in state court proceedings than state courts have issuing such injunctions to safeguard federal constitutional rights in federal court proceedings."); *see also McDonald v. Seterus, Inc.*, 778 F. App'x 848, 849 (11th Cir. 2019) ("[A] federal district court lacks jurisdiction to review the final judgment of a state court.").

Which brings us to Soria's request for declaratory relief. "In order to receive declaratory or injunctive relief, plaintiffs must establish that there was a violation, that there is a serious risk of continuing irreparable injury if the relief is not granted, and the absence of an adequate remedy at law." *Bolin v. Story*, 225 F. 3d 1234, 1242 (11th Cir. 2000). Soria claims that the Fourth DCA "imposed

[s]anctions against [him] pursuant to *State v. Spencer*." Compl. at 2. He asked the Clerk of Court about the scope of the sanctions, and the Clerk told him that "[p]er [the Fourth DCA's] order, the sanction is no longer accepting [your] pro se filings." *Id.* at 3. Florida "[c]ourts may, upon a demonstration of egregious abuse of judicial process, restrict parties from filing pro se pleadings with the court." *State v. Spencer*, 751 So. 2d 47, 47 (Fla. 1999). Such a restriction is warranted when a "citizen, including a citizen attacking his or her conviction, abuses the right to pro se access by filing repetitious and frivolous pleadings, thereby diminishing the ability of the courts to devote their finite resources to the consideration of legitimate claims." *Id.* at 48. But, under Florida law, litigants can appeal those filing bans. *See Thomas v. State*, 1 So. 3d 194, 194 (Fla. 4th DCA 2008) ("[A]n order restricting further pro se filings 'cannot restrict or frustrate in any way an appeal taken from that order.'" (quoting *Martin v. Cir. Ct., Seventeenth Jud. Cir.*, 627 So. 2d 1298, 1300 (Fla. 4th DCA 1993))). And, generally, "[a] state appellate process is an adequate remedy at law." *Tarver v. Reynolds*, 808 F. App'x 752, 754 (11th Cir. 2020).

Plus, if this appellate procedure weren't enough, there's still *another* way for banned litigants to seek redress: They can request "a writ directed to a judge or lower tribunal" from the Florida Supreme Court, requiring the lower court to perform the nondiscretionary duty of accepting the petitioner's filings. FLA. R. APP. P. 9.100(e); *see also Monroe Ed. Ass'n v. Clerk, Dist. Ct. of Appeal, Third Dist.*, 299 So. 2d 1, 2 (Fla. 1974) (allowing the petitioner to seek "a writ of mandamus to require the Respondent, Clerk, District Court of Appeal, Third District, to accept the filing of petitioner's application for a constitutional writ"); *Faddis v. Carlton*, 626 So. 2d 1122, 1122–23 (Fla. 5th DCA 1993) ("[A] clerk has a ministerial duty to accept and file petitions submitted, and does not have authority to judicially determine the legal significance of the document tendered."). That Soria thus has multiple alternative remedies at his disposal undermines his need for declaratory relief, which is only proper in "the absence of an adequate remedy at law." *Bolin*, 225 F. 3d at 1242.

6

### III.   Access to Courts

Soria's access-to courts claim likewise fails because he hasn't shown that he suffered any injury. To state a viable access-to-courts claim, a plaintiff *must* "describe the official acts frustrating the litigation." *Christopher v. Harbury*, 536 U.S. 403, 415 (2002); *see also Jackson v. State Bd. of Pardons & Paroles*, 331 F. 3d 790, 797 (11th Cir. 2003) ("[A] plaintiff must show actual injury by 'demonstrat[ing] that a nonfrivolous legal claim ha[s] been frustrated or . . . impeded.'" (quoting *Lewis v. Casey*, 518 U.S. 343, 353 (1996))). "Actual injury may be established by demonstrating that an inmate's efforts to pursue a nonfrivolous claim were frustrated or impeded by . . . an official's action." *Barbour v. Haley*, 471 F. 3d 1222, 1225 (11th Cir. 2006) (citations omitted). But not every prisoner's claim is protected. The right to access courts protects prisoners' rights "to attack their sentences, directly or collaterally, and . . . to challenge the conditions of their confinement." *Lewis*, 518 U.S. at 355; *see also Hyland v. Parker*, 163 F. App'x 793, 798 (11th Cir. 2006) ("[O]nly specific types of legal claims are protected by [the right to access courts], namely, the nonfrivolous prosecution of either a direct appeal of a conviction, a habeas petition, or a civil rights suit." (citing *Bass v. Singletary*, 143 F. 3d 1442, 1445 (11th Cir. 1998))). But Soria hasn't told us which claims he's been prevented from filing in the Fourth DCA. He's only said that he "sent a written inquiry to the Clerk of The Fourth District Court of Appeal." Compl. at 3. That's not good enough.

### IV.   Procedural Due Process

Lastly, Soria's procedural-due-process claim is missing two key elements: (1) evidence that he was in fact subjected to constitutionally inadequate process; and (2) evidence that the state lacks a post-deprivation remedy. A viable procedural-due-process claim must include: "(1) a deprivation of a constitutionally-protected liberty or property interest; (2) state action; and (3) constitutionally-inadequate process." *Grayden v. Rhodes*, 345 F. 3d 1225, 1232 (11th Cir. 2003). Before he can seek redress in federal court, a plaintiff asserting a procedural-due-process claim must also show that he

7

lacks an "adequate post-deprivation remedy" under state law. *See Carcamo v. Miami-Dade Cnty.*, 375 F. 3d 1104, 1105 (11th Cir. 2004) ("[A] random and unauthorized deprivation does not violate procedural due process if the state provides an adequate post-deprivation remedy."). Soria says that Weissblum's enforcement of the Fourth DCA's ban "constitutes an ongoing violation of [his] constitutional right of access to the courts." Compl. at 4. As we've said, however, Soria doesn't tell us whether he's appealed the filing ban or whether he's sought mandamus review from the Florida Supreme Court. Nor does he explain why such an appeal (or mandamus review) would be inadequate. In these circumstances, his claim plainly fails. *See Bolin*, 225 F. 3d at 1242 ("[T]o receive declaratory or injunctive relief, plaintiffs must establish . . . a violation, . . . a serious risk of continuing irreparable injury if the relief is not granted, *and the absence of an adequate remedy at law.*" (emphasis added)).

## V.      Leave to Amend

Although Soria's Complaint is deficient in all these ways, we'll give him one more chance to file an amended complaint. *See Woldeab v. DeKalb Cnty. Bd. of Educ.*, 885 F. 3d 1289, 1291 (11th Cir. 2018) ("Where a more carefully drafted complaint might state a claim, a plaintiff must be given at least one chance to amend the complaint before the district court dismisses the action with prejudice." (quoting *Bank v. Pitt*, 928 F. 2d 1108, 1112 (11th Cir. 1991))). In his amended complaint, Soria must ensure that his factual allegations are properly pled, meaning that "the allegations in the complaint 'must be simple, concise, and direct,'" *LaCroix v. W. Dist. of Ky.*, 627 F. App'x 816, 818 (11th Cir. 2015) (quoting FED. R. CIV. P. 8(d)(1)), and the facts supporting his claims *must* be presented in a "short and plain statement . . . showing that the pleader is entitled to relief," FED. R. CIV. P. 8(a)(2). Soria *may not* adopt prior counts into later counts *or* incorporate claims from his initial complaint by reference. If Soria fails to file a legally sufficient amended complaint, we'll dismiss this case without further notice.

*          *          *

We therefore **ORDER AND ADJUDGE** as follows:

8

1. By **July 9, 2026**, the Plaintiff must file an amended complaint correcting the deficiencies we've identified in this Order. The amended complaint must be no longer than **20 double-spaced pages**, must be signed under the penalty of perjury, and must contain a short and plain statement of the Plaintiff's claims for relief, a basis for federal jurisdiction, and a demand for judgment. The Clerk is **DIRECTED** to attach a copy of this Court's form titled "Complaint for Violation of Civil Rights (Prisoner)."

2. The amended complaint must be labeled "Amended Complaint" and must reflect the case number referenced above, so that it will be filed in this case. The Court will only consider the claims raised in the amended complaint, which will be the operative pleading for the rest of this case. The Plaintiff may not incorporate by reference past claims.

3. The Plaintiff's failure to file the amended complaint on time and in compliance with this Court's Order shall result in dismissal of this case for failure to prosecute or for failure to comply with court orders. *See* FED. R. CIV. P. 41(b).

4. Soria's IFP Motion [ECF No. 3] is **DENIED as moot**. He may refile a compliant IFP motion along with his amended complaint.

5. The Clerk's Office shall **administratively CLOSE** this case. If the Plaintiff's amended complaint survives screening, the Court will reopen this case once the Defendant has been served.

**DONE AND ORDERED** in the Southern District of Florida on June 22, 2026.

_____
**ROY K. ALTMAN**
**UNITED STATES DISTRICT JUDGE**

cc:     Raymond Soria, *pro se*

9